NO









NO. 12-02-00240-CR

 

                 IN
THE COURT OF APPEALS

 

      TWELFTH COURT OF
APPEALS DISTRICT

 

                           TYLER, TEXAS

 

 

TRACY TODD SMITH,                                    '     APPEAL FROM THE
7TH

APPELLANT

 

V.                                                                         '     JUDICIAL DISTRICT
COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                       '     SMITH COUNTY,
TEXAS

 





                                                     MEMORANDUM
OPINION

Appellant Tracy Todd Smith (AAppellant@) was convicted by a jury of sexual assault.  The trial court assessed punishment at
imprisonment for six years.  In one
issue, Appellant contends that the evidence is both legally and factually
insufficient to support his conviction. 
We affirm.

 

                                                               Background

In June or July of 1999, after R.B. became involved in a
romantic relationship with Appellant, R.B. and her daughter moved into an
apartment with Appellant.  On the
afternoon of August 20, 1999, R.B. went to the apartment after work.  Appellant, who had not spent the previous
night in the apartment, came in Amoments@ after R.B. arrived. 
At the time Appellant arrived, R.B. was in the closet getting her Astuff@ because she was leaving. 
She did not intend to continue the relationship.








Appellant found R.B. in the closet and, without provocation,
slapped her.  R.B. fell back and then got
up.  Appellant slapped her again and
accused her of sleeping with someone else. 
She denied the allegation, and Appellant spat on her.  To defend herself, R.B. started kicking
Appellant, but stopped when Appellant grabbed her arms and starting hitting her
harder.  Appellant hit her across the
face with his open hand between twenty and thirty times.  He also choked her by putting both his hands
around her neck and cutting off her air supply. 
This part of the assault lasted approximately twenty to thirty
minutes.  At some point during the
assault, Appellant dragged R.B. out of the closet by her arms.  When she tried to run, Appellant grabbed her
by the throat.  The next thing she knew,
she was on the bed and Appellant was shaking her.

During the assault, R.B. told Appellant several times that
she had not been Amessing around.@  However, Appellant
continued to hit and choke her and to tell her he was going to kill her.  She finally told him he was right, believing
that he would either kill her and get it over or calm down and let her go.  She also began to apologize.  Appellant then stopped choking her, lowered
her pants, and proceeded to have sexual intercourse with her.  She was still crying at the time.  While Appellant was having intercourse with
her, she kept telling him she was sorry, but did not fight him or state that
she did not consent.  This part of the
assault ended with Appellant ejaculating on R.B.=s stomach.

Appellant immediately showered, and R.B. went to her parents= home to pick up her daughter.  Upon her arrival there, she summoned the
police and later went to the hospital.  Subsequent
to the police investigation, Appellant was arrested at his place of
employment.  He was charged by indictment
with sexual assault.  Appellant pleaded Anot guilty,@ and the matter proceeded to a jury trial.  The jury found Appellant guilty, and the
trial court assessed punishment at imprisonment for six years.  This appeal followed.

 

                                               Sufficiency of the Evidence

In his sole issue on appeal, Appellant contends that the evidence
is legally and factually insufficient to sustain his conviction for sexual
assault.  

Legal Sufficiency








Legal sufficiency is the constitutional minimum required by
the Due Process Clause of the Fourteenth Amendment to sustain a criminal
conviction.  See Jackson v.
Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d
560 (1979); see also Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.B Antonio 1999, no pet.). 
The standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  See Jackson,
443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v. State,
871 S.W.2d 183, 186 (Tex. Crim. App. 1993). 
The evidence is examined in the light most favorable to the jury=s verdict.  See Jackson,
443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at
186.  A successful legal sufficiency
challenge will result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the
offense as defined by a hypothetically correct jury charge.  See Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997).  Such a
charge would include one that Aaccurately sets out the law, is authorized by the
indictment, does not unnecessarily increase the State=s burden of proof or unnecessarily restrict the State=s theories of liability, and adequately describes the
particular offense for which the defendant is tried.@  Id. 

A person commits the offense of sexual assault if he
intentionally or knowingly causes the penetration of the sexual organ of
another person without that person=s consent. See Tex.
Pen. Code Ann. ' 22.011(a)(1)(A) (Vernon Supp. 2004).[1]  Here, R.B. testified that Appellant had
sexual intercourse with her without her consent.  She also testified that she called the police
immediately following the assault.  This
testimony, standing alone, is legally sufficient evidence to support the jury=s verdict.  See Tex.
Code Crim. Proc. Ann.  art. 38.07
(Vernon Pamph. Supp. 2004) (uncorroborated testimony of victim will support
conviction if victim informed any person, other than defendant, of offense
within one year after date of alleged offense). Therefore, the jury could have
found the essential elements of the charged offense beyond a reasonable
doubt.  

Factual Sufficiency








In reviewing the factual sufficiency of the evidence, we
must first assume that the evidence is legally sufficient under the Jackson
standard.  See Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We then consider all of the evidence in the record related to Appellant=s sufficiency challenge, not just the evidence supporting
the verdict.  We review the evidence
weighed by the jury which tends to prove the existence of the elemental fact in dispute, and compare it to the
evidence which tends to disprove that fact. 
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997).  We are authorized to disagree
with the jury=s determination, even if probative evidence exists which
supports the verdict.  Clewis,
922 S.W.2d at 133.  Our evaluation should
not substantially intrude upon the jury=s role as the sole judge of the weight and credibility of
witness testimony.  Santellan,
939 S.W.2d at 164.  Where there is
conflicting evidence, the jury=s verdict on such matters is generally regarded as conclusive.  See Van Zandt v. State, 932
S.W.2d 88, 96 (Tex. App.BEl Paso 1996, pet. ref=d).  Ultimately, we
must ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to
undermine our confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000).  A verdict
will be set aside Aonly if the evidence supporting guilt is so obviously weak,
or the contrary evidence so overwhelmingly outweighs the supporting evidence,
as to render the conviction clearly wrong and manifestly unjust.@  Ortiz v. State,
93 S.W.3d 79, 87 (Tex. Crim. App. 2002). 


In the instant case, Appellant first calls our attention to
R.B.=s statement, made in connection with obtaining a protective
order, that Appellant finally calmed down and decided to have intercourse with
her.  According to Appellant, this
contradicts R.B.=s trial testimony that she feared Appellant would harm her
if she resisted having intercourse with him. 
Assuming arguendo that a conflict exists, we iterate that the
jury=s resolution of any conflicts in the evidence is generally
regarded as conclusive.  See Van
Zandt, 932 S.W.2d at 96.  The
jury in this case resolved any perceived conflict in favor of R.B.








Appellant further argues that although R.B. testified
Appellant threw her on the bed, shook her, and then threw her to the floor, the
apartment was neat when the police arrived. 
However, R.B. testified that she left the apartment immediately
following the assault and that Appellant was still at the apartment when she
left.  The jury could have reasonably
concluded that Appellant straightened the apartment before the police
arrived.  Finally, Appellant concludes
from the evidence that R.B. likely had sexual intercourse with someone other
than Appellant near the time of the alleged offense.  He bases his conclusion on the testimony of a
DNA expert who testified for the State that he found semen, but no sperm,  in R.B.=s vagina.  Appellant
contends that this result is inconsistent with R.B.=s allegation of a recent sexual assault.  Therefore, his argument continues, it is at
least plausible that R.B. lied about the sexual assault to seek revenge for the
physical assault. 

R.B. testified that Appellant ejaculated on her stomach and
that she used a wash rag to clean herself after the assault.  The DNA expert testified that Appellant=s semen was present on a wash rag R.B. furnished for
testing.  However, Appellant explains
that the sperm cells on the wash rag could have been from a prior sexual
encounter with R.B.  The jury is the sole
judge of the weight and credibility of witness testimony.  See Santellan, 939
S.W.2d at 164.   Therefore, the jury was
entitled to believe R.B.=s version of the events.

Our review of the record in the instant case, with
consideration given to all of the evidence, both for and against the jury=s verdict, has not revealed to us any evidence that causes
us to conclude that the proof of guilt is so obviously weak or is otherwise so
greatly outweighed by contrary proof so as to render Appellant=s conviction clearly wrong or manifestly unjust.  Therefore, the evidence is factually
sufficient to support the jury=s verdict.  

 

                                                                 Conclusion    

The evidence is both legally and factually sufficient to
support Appellant=s conviction.  We
therefore overrule Appellant=s sole issue and affirm the judgment of the
trial court.

 

 

     JAMES T. WORTHEN    

     Chief Justice

 

 

Opinion delivered May 12, 2004.

Panel
consisted of Worthen, C.J. and Griffith, J.

DeVasto,
J., not particpating.

 

 

 

 

 

 

 

 

                                                             (DO
NOT PUBLISH)

 

 











[1] The version of section 22.011(a)(1)(A) in effect at
the time of the charged offense provided that a person committed sexual assault
by if he intentionally or knowingly caused the penetration of the female sexual
organ of another person without that person=s
consent.  Tex. Pen. Code Ann. ' 22.011(a)(1)(A)
(Vernon 2003).  The word Afemale@ does not appear in the present version.  Because the amendment did not change the
substance of the statute, we refer to the present version for convenience.